IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE ESTATE OF ROOSEVELT**
**HOLLIMAN, ET AL.**                                                **PLAINTIFFS**

**v.**                              **CIVIL ACTION NO.: 4:22-CV-75-DMB-JMV**

**MARSHAL TURNER, ET AL.**                                       **DEFENDANTS**

## ORDER

This matter is before the court on Plaintiffs' motion for alternative service [40]. By their motion, Plaintiffs seek permission of the court to serve five separate defendants (four of whom are sued in both their individual and official capacities and one of whom is sued only in his individual capacity) by an unspecified "alternative" method. For the reasons discussed below, the motion is denied.

By way of background, this action was filed on May 20, 2022. The complaint was amended once as a matter of course on July 7, 2022, and summonses for service of the amended complaint on each of the thirteen named defendants were issued on the same date. As of August 16, 2022, seven of the thirteen defendants had been served.[1] On August 16, 2022, Plaintiffs filed a first motion for extension of time to serve process on four of the remaining unserved defendants [38]. On August 17, 2022, this Court granted the request for additional time for service on the four defendants, allowing Plaintiffs 60 additional days to do so.

On the same date, Plaintiffs filed the instant motion for permission to use an unspecified alternative service method on five of the unserved defendants. In support of the instant motion,

---

[1] The court takes notice that Plaintiffs filed proof of service of Defendant Lee Simon, one of the six unserved, on August 17, 2022 [48].

Plaintiffs attached a certification of a member of their counsel in which it is represented that Plaintiffs have made "extensive efforts" to locate and serve these five defendants but have been unsuccessful. The court notes, however, that the record reflects a single unsuccessful service attempt on most, if not all, of the five defendants. The court further observes that improperly buried in the certification at paragraph 12 appears to be a separate motion for additional time to serve one of the five defendants as to whom alternative service is sought because that defendant had been inadvertently omitted from Plaintiffs' earlier motion seeking additional time to achieve service. The certification, like the motion itself, does not specify the alternative method of service sought or indicate in what capacity these defendants – official and/or individual – are sought to be served via such alternative service.

The brief filed in support of the motion [41] does little to clarify the matter. Therein Plaintiffs argue that F.R.C.P. 4(e)(1) provides that an individual defendant can be served in several ways, including the manner authorized by the law of the state in which the district court sits. Further, that in Mississippi, pursuant to M.R.C.P. 4(c), an individual defendant may be served personally by a process server or sheriff; first class mail, postage prepaid, with notice of acknowledgment; publication; or certified mail to an out-of-state person. Additionally, M.R.C.P. 4(d)(5) provides that in a suit against the state of Mississippi or any one of its departments, officers, or institutions process is served by delivering a copy of the summons and complaint to the Atty. Gen. of the State of Mississippi.

According to Plaintiffs, because the unserved five defendants to whom the instant motion applies were, at all relevant times, officers of MDOC, a state organization, they may be served with process as provided for by M.R.C.P. 4(d)(5). However, the plaintiffs cite to no authority, and the court is aware of none, for serving a defendant – to the extent sued in his/her individual

capacity – by delivering a copy of the complaint to the AG. Moreover, to the extent Plaintiffs seek the court's permission to serve the five defendants in their capacity as officials of a state organization, by utilizing M.R.C.P. 4(d)(5), the motion is moot. There is no basis to seek permission to do that which the rules expressly permit.[2]

For the foregoing reasons the motion is not well-taken and is therefore denied.

**SO ORDERED**, this the 8th day of September, 2022.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The court also wishes to express it is not clear as to Plaintiffs' reference to the AG having not agreed to accept process. Service on state officers, pursuant to M.R.C.P. 4(d)(5), is achieved by simply delivering a copy of the summons and complaint to the AG.