**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**THE ESTATE OF ROOSEVELT HOLLIMAN; and MICHELLE LUMZY, individually and in her capacity as the Administratrix of the Estate of Roosevelt Holliman**             **PLAINTIFFS**

V.             NO. 4:22-CV-75-DMB-JMV

**MARSHAL TURNER, et al.**             **DEFENDANTS**

**OPINION AND ORDER**

Roosevelt Holliman was stabbed to death in his cell by fellow inmates at the Mississippi State Penitentiary in Parchman, Mississippi. Holliman's estate and the administratrix of his estate sued multiple Mississippi Department of Corrections employees under 42 U.S.C. § 1983 alleging violations of Holliman's Eighth Amendment and Fourteenth Amendment rights as well as wrongful death under Mississippi law. The Court dismissed some claims and defendants on earlier motions. Two of the remaining defendants—Marylen Sturdivant and Rita Bonner—have moved to dismiss the claims against them based on insufficient service of process, sovereign immunity, qualified immunity, and the Mississippi Tort Claims Act. Dismissal on sovereign immunity grounds will be denied because Sturdivant and Bonner are not sued in their official capacities. However, because the plaintiffs have not shown service of process was properly effectuated on Sturdivant and Bonner; because Sturdivant and Bonner are entitled to qualified immunity on the § 1983 claims regardless; and because the plaintiffs fail to allege facts showing the wrongful death claim is outside the Mississippi Tort Claims Act, Sturdivant and Bonner's motion to dismiss such claims will be granted.

# I
# Procedural History

On May 20, 2022, the Estate of Roosevelt Holliman and Michelle Lumzy, individually and in her capacity as the Administratrix of the Estate of Roosevelt Holliman, filed a complaint in the United States District Court for the Northern District of Mississippi against Marshal Turner, Brenda S. Cox, Pelicia Hall, Jeworski Mallett, Sean Smith, Timothy Morris, Lee Simon, Marylen Sturdivant, Mike Hatten, Jacqueline Banks, Rita Bonner, Lola Nelson, Chanel Red Connor, and John Doe. Doc. #1. Because Hatten, Banks, Bonner, and Nelson were named in the "Parties" section of the complaint but not listed in the caption,[1] the plaintiffs filed an amended complaint on July 7, 2022, adding them to the caption. Doc. #16.

Asserting jurisdiction under 28 U.S.C. § 1331, the amended complaint alleges claims in four counts, all of which arise from the circumstances surrounding Holliman's death while he was an inmate at Parchman: (1) Count I, Violation of Civil Rights Under 42 USC § 1983, Eighth Amendment – Failure to Protect; (2) Count II, Violation of Civil Rights Under 42 USC § 1983, Failure to Train & Supervise; (3) Count III, Violation of Civil Rights Under 42 U.S.C. § 1983, Eighth Amendment – Cruel and Unusual Punishment; and (4) Count IV, Wrongful Death under Mississippi State Law. *Id.* at 2, 14–19. The plaintiffs seek compensatory damages, punitive damages, and "reasonable attorney's fees and costs;" and for the Estate only under the Mississippi Wrongful Death Act, "fair and equitable damages, including, but not limited to, reasonable medical, hospital, funeral, and burial expenses …; reasonable compensation for Mr. Holliman's pain and suffering …; … damages for the loss of Mr. Holliman's financial support, society, and companionship; as well as any other damages cognizable under law;" and "[a]ny such other relief as appears just and proper." *Id.* at 19–20.

---

[1] *See* Doc. #1 at 1, 4.

2

On February 10, 2023, the Court granted the motions to dismiss of Turner, Banks, Cox, Hall, Mallett, Nelson, and Smith based on failure to state a claim and dismissed those defendants without prejudice. Doc. #87.

On January 9, 2023, Sturdivant and Bonner filed a joint motion to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(5), and 12(b)(6).[2] Doc. #72. The motion is fully briefed. Docs. #73, #75, #77.

## II
## Standards

Motions under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction. "Where, as here, the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (internal quotation marks omitted).

"Federal Rule of Civil Procedure 12(b)(5) provides for dismissal of a claim if service of process was not timely made in accordance with Federal Rule of Civil Procedure 4 or was not properly served in the appropriate manner." *Thomas v. New Leaders for New Sch.*, 278 F.R.D. 347, 349–50 (E.D. La. 2011) (citation omitted). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "[O]nce the validity of service of process has been contested, the plaintiff bears the burden of establishing its validity." *Henderson v. Republic of Tex. Biker Rally, Inc.*, 672 F. App'x 383, 384 (5th Cir. 2016) (quoting *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).

---

[2] Bonner and Sturdivant's arguments to dismiss under Rules 12(b)(1) and 12(b)(6) are virtually identical to those arguments made by the defendants already dismissed from this case. *Compare* Docs. #21 and #44 *with* Doc. #73.

3

To survive dismissal under the Rule 12(b)(6) standard, "a complaint must present enough facts to state a plausible claim to relief. A plaintiff need not provide exhaustive detail to avoid dismissal, but the pleaded facts must allow a reasonable inference that the plaintiff should prevail." *Mandawala v. Ne. Baptist Hosp.*, 16 F.4th 1144, 1150 (5th Cir. 2021) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020) (citation omitted). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.* (citations omitted). In ruling on a 12(b)(6) motion to dismiss, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Serrano v. U.S. Customs & Border Patrol*, 975 F.3d 488, 496 (5th Cir. 2020) (citation omitted).

### III
### Relevant Factual Allegations

At all relevant times, the Mississippi Department of Corrections ("MDOC") employed Marylen Sturdivant as an Associate Warden and Rita Bonner as a Lieutenant. Doc. #16 at 4.

On January 2, 2020, Roosevelt Holliman was in his cell in "Unit 29 in Area 1 of Parchman Farms," the "Mississippi State Penitentiary … in Parchman, Mississippi." *Id.* at 2, 6. Unit 29 is a segregated section for prisoners "with heightened security and greater restrictions than general population." *Id.* at 8.

In "the evening of January 1, 2020, or early morning of January 2, 2020," "Chanel Red Conner, also known as Redmond," a corrections officer at Parchman Farms, was on duty in Holliman's unit. *Id.* at 5–6. Redmond "was involved in gang related drug smuggling at Parchman Farms" and "wanted to 'get rid' of a prisoner as a result of his involvement with an opposing gang.

4

This prisoner was not … Holliman." *Id.* at 6. Redmond left Holliman's unit "and went to the neighboring unit where she released several inmates and provided them with large knives" that had been "chained to the kitchen tables." *Id.* at 6–7. Officer John Doe was the officer on duty in the neighboring unit when "Redmond instructed the prisoners to carry out the murder." *Id.* at 7. Doe "did nothing to stop … Redmond or the prisoners with whom she had provided … weapons." *Id.* Redmond and the armed prisoners returned to Holliman's unit, where she unlocked or provided the armed prisoners with keys to unlock Holliman's cell door. *Id.* Holliman was "stabbed to death by the prisoners [Redmond] released." *Id.*

Redmond contacted Michelle Lumzy, Holliman's sister and the administratrix of his estate, to "explain[] that the death of [Holliman] was a mistake and … to apologize to [Lumzy] for causing the death of her brother." *Id.* at 2, 7. The public explanation of Holliman's death is that he "was killed in a 'gang fight.'" *Id.* at 7. Redmond continues to work for MDOC at Parchman Farms "and was not terminated nor disciplined for her conduct." *Id.*

When Holliman was killed on January 2, 2020, Parchman Farms was already "on lock down as a result of 'major disturbances,' i.e. several violent altercations and deaths within MDOC prisons." *Id.* at 9. On January 1, 2020, and January 3, 2020, respectively, other inmates in Unit 29 were stabbed to death as a result of gang related violence. *Id.* at 8, 10.

## IV
## Analysis

In seeking dismissal under Rule 12(b)(1), Sturdivant and Bonner argue that the Eleventh Amendment provides sovereign immunity. Doc. #72 at PageID 377. And in seeking dismissal under Rule 12(b)(5), they argue that the defendants failed to properly and timely serve process upon Sturdivant and that service on Bonner was untimely. *Id.* at PageID 376–77. Finally, in seeking dismissal under Rule 12(b)(6), they argue that the § 1983 claims are barred by qualified

5

immunity and that the state wrongful death claim is statutorily barred under the Mississippi Tort Claims Act. *Id.* at PageID 377–79.

### A. State Sovereign Immunity

Sturdivant and Bonner argue that the "Eleventh Amendment precludes claims against state officials acting in their official capacities" and "also immunizes states and their officials from state-law claims brought in federal court." Doc. #73 at PageID 390. The plaintiffs respond that this case falls under the *Ex parte Young* exception to Eleventh Amendment sovereign immunity. Doc. #75 at 12–14. The defendants reply that no official capacity claims have been pled and regardless, they would be barred by Eleventh Amendment immunity. Doc. #77 at 2.

Under the Eleventh Amendment, "[d]efendants in an official-capacity action may assert sovereign immunity" because "sovereign immunity does not erect a barrier against suits to impose individual and personal liability." *Lewis v. Clarke*, 581 U.S. 155, 163 (2017) (cleaned up). Likewise, the *Ex parte Young* doctrine applies only to officers sued in their official capacities. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020).

> [T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (cleaned up).

Here, the plaintiffs sued Sturdivant and Bonner in their personal and supervisory capacities. Doc. #16 at 2–4. In their response to the motion to dismiss, the plaintiffs fail to explain the legal significance of suing Bonner and Sturdivant in their supervisory capacities and do not equate supervisory capacity claims to official capacity claims. Because the amended complaint does not

6

allege any official capacity claims against Sturdivant and Bonner, there are no official capacity claims against them to dismiss.[3]

### B. Insufficient Service of Process

Sturdivant and Bonner submit that the claims against them should be dismissed for improper service of process, arguing that the plaintiffs "failed to properly and timely serve process upon Sturdivant" and "while the plaintiffs personally served Bonner, that service is still, untimely and subject to dismissal." Doc. #73 at PageID 383. The plaintiffs respond that "[b]ecause service has been made on Defendants Sturdivant and Bonner in their official capacities [at the Mississippi Attorney General's office], dismissal of these defendants in their official capacities is not warranted." Doc. #75 at 8–9. Bonner and Sturdivant reply that "[t]here are no official-capacity claims levied against [them]." Doc. #77 at 2.

Service of process may be accomplished by:

(1) following state law for serving a summons … in the state where the district court is located …; or

(2) doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode …;
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

---

[3] "Inasmuch as [the plaintiffs] bring [§1983] claims against these officials in their supervisory capacity, these claims fail …. In *Monell v. Department of Social Services of City of New York*, the [United States] Supreme Court held that the doctrine of *respondeat superior* does not apply to claims brought under section 1983." *Torns v. City of Jackson*, 622 F. App'x 414, 417 (5th Cir. 2015) (citing 436 U.S. 658, 692–93 (1978)). To the extent it may be argued the supervisory capacity claims in this case equate to official capacity claims, such is barred by Eleventh Amendment immunity because the claims are for money damages, not prospective relief. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from [state prison] officers in their official capacity.").

Fed. R. Civ. P. 4(e). Mississippi law allows service "by delivering a copy of the summons and of the complaint to [a defendant] personally or to an agent authorized by appointment or by law to receive service of process; or … by leaving a copy of the summons and complaint at the defendant's usual place of abode." Miss. R. Civ. P. 4(d)(1). Mississippi law also allows service "[u]pon the State of Mississippi or any one of its departments, officers or institutions, by delivering a copy of the summons and complaint to the [Mississippi] Attorney General." *Id.* at 4(d)(5).

> … [T]o the extent [a plaintiff] asserts official-capacity claims against Individual Defendants, service on the Attorney General would be appropriate. But to the extent the claims against Individual Defendants are asserted against them in their individual capacities [a plaintiff is] required to serve the defendants personally, as an individual, in accordance with the requirements of Mississippi Rule of Civil Procedure 4(d)(1)(A).

*Coleman v. McKenzie-Kelly*, 3:21-cv-168, 2021 WL 3673111, at *4 (S.D. Miss. Aug. 18, 2021) (cleaned up). "The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007). And under Federal Rule of Civil Procedure 4(m), service must be made "within 90 days after the complaint is filed."

Though the plaintiffs here have the burden of demonstrating the validity of service of process, in response to Sturdivant and Bonner's arguments, they only discuss the record of service of process on the Mississippi Attorney General's office. As discussed above, only individual capacity claims are alleged against Sturdivant and Bonner so they must be served personally in accordance with Rule 4(e). Since the plaintiffs present no evidence they served Sturdivant and Bonner in their individual capacities,[4] Sturdivant and Bonner's motion to dismiss for insufficient service of process is properly granted.

---

[4] While Sturdivant and Bonner do not mention in their response when they were served, the docket reflects Bonner was served on December 20, 2022, *see* Doc. #70, and Sturdivant was served on December 19, 2022, *see* Doc. #71. However, according to a declaration by Sturdivant, the summons was left at an address where she does not live, *see*

8

### C. Failure to State a Claim

Even if Sturdivant and Bonner were properly served, their motion to dismiss still would be granted under Rule 12(b)(6) for failure to state a claim.

### 1. 42 U.S.C. § 1983

Sturdivant and Bonner submit the § 1983 claims against them should be dismissed for failure to state a claim because the amended complaint's allegations fail to overcome qualified immunity. Specifically, they argue there is "no factual allegation that [they] knew, inferred, or should have known about an excessive risk that correctional staff were affiliated with prison gangs or that such staff posed an excessive risk to Roosevelt Holliman in particular." Doc. #73 at PageID 397. The plaintiffs respond that Sturdivant and Bonner "had been warned of the risk of violence and gang-affiliated guards and … did not act on [their] knowledge of the excessive risk of harm from uncontrolled violence when [they] knowingly permitted guards with gang affiliations to work in Parchman Farms." Doc. #75 at 19 (internal quotation marks omitted). In their reply, Sturdivant and Bonner do not address the qualified immunity argument except to say it was raised out of an abundance of caution and is not yet ripe because the defendants have not been properly served. Doc. #77 at 7.

"To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Sanchez v. Oliver*, 995 F.3d 461, 466 (5th Cir. 2021) (citation omitted). "When a government official is sued under Section 1983, the plaintiff must allege that the official was either personally involved in the deprivation or that his

---

Doc. #72-1, and thus service on her as an individual was never completed. While summons was served on Bonner individually on December 20, 2022, such was well after the October 19, 2022, extended deadline, *see* Doc. #39.

9

wrongful actions were causally connected to it." *Stem v. Gomez*, 813 F.3d 205, 210 (5th Cir. 2016) (citation and internal quotation marks omitted). "A supervisory official may be held liable only if (1) he affirmatively participates in the acts that cause the constitutional deprivation, or (2) he implements unconstitutional policies that casually result in the constitutional injury." *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011) (cleaned up).

Even when a § 1983 cause of action exists, the doctrine of qualified immunity "shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct." *Angulo v. Brown*, 978 F.3d 942, 948 (5th Cir. 2020) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011)). Once qualified immunity has been "raised as a defense by a defendant, … the plaintiffs have the burden of establishing the proof and arguments necessary to overcome it." *Strickland v. City of Crenshaw*, 114 F. Supp. 3d 400, 412 (N.D. Miss. 2015) (citing *Pierce v. Smith*, 117 F.3d 866, 871–72 (5th Cir. 1997)).

Assuming without deciding that the plaintiffs' allegations amount to a constitutional violation, the plaintiffs do not allege any personal involvement of Sturdivant and Bonner. Nor do the plaintiffs allege that any violation was the result of an unconstitutional policy implemented by Sturdivant and Bonner. Accordingly, qualified immunity applies to require dismissal of the federal claims against Sturdivant and Bonner. *See Cass v. City of Abilene*, 814 F.3d 721, 728–29 (5th Cir. 2016) (defendant entitled to qualified immunity where plaintiff failed to establish personal involvement).

### 2. Mississippi Tort Claims Act

Sturdivant and Bonner argue the wrongful death claim under the Mississippi Torts Claim Act should be dismissed for failure to state a claim because "the [Mississippi Tort Claims Act]

precludes any official-capacity claim for wrongful death" by "claimants who are inmates at the time the claim arises" and because "the plaintiffs have failed to plead an individual-capacity wrongful death claim against [them]." Doc. #73 at PageID 399. The plaintiffs concede that the "provisions of the MTCA apply in this case as to any non-intentional/non-criminal acts alleged to have been committed … by officers while in the course and scope of their employment" but contend they "alleged intentional criminal acts" and "violations of [Holliman's] constitutional rights." Doc. #75 at 23-24. Sturdivant and Bonner reply that "any official capacity claim for wrongful death against [them] is barred by [the MTCA] and must be dismissed." Doc. #77 at 6.

Under the Mississippi Tort Claims Act,

> [a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim: … [o]f any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary, or other such institution[.]

Miss. Code. Ann. § 11-46-9(1)(m) (2013). The "jail inmate provisions of the MTCA apply … as to any non-intentional/non-criminal acts alleged to have been committed upon [an] inmate." *Lee v. Thompson*, 859 So. 2d 981, 987 (Miss. 2003). However, allegations of intentional criminal acts against inmates can form the basis of a viable claim, "not under the MTCA, but under [Mississippi's] wrongful death statute." *Id.* While there is a "rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment," "an employee shall not be considered as acting within the course and scope of his employment … if the employee's conduct constituted … any criminal offense other than traffic violations." Miss. Code Ann. § 11-46-5(2)–(3) (2013).

In Count IV of the amended complaint, the plaintiffs allege that the "Defendants['] wrongful acts and omissions as discussed herein caused the death of Mr. Holliman." Doc. #16 at 19. Because the plaintiffs fail to allege that Sturdivant's or Bonner's "wrongful acts and

11

omissions" meet the elements of any criminal offense, they were acting within the course and scope of their employment, meaning the wrongful death claim is barred by the MTCA and properly dismissed.

## VI
## Conclusion

Sturdivant and Bonner's motion to dismiss [72] is **GRANTED**. The claims against Bonner and Sturdivant are **DISMISSED without prejudice**.

**SO ORDERED**, this 1st day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**