IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**THE ESTATE OF ROOSEVELT HOLLIMAN; and MICHELLE LUMZY, individually and in her capacity as the Administratrix of the Estate of Roosevelt Holliman**                                                   **PLAINTIFFS**

**V.**                                                   **NO. 4:22-CV-75-DMB-JMV**

**MARSHAL TURNER, et al.**                                                   **DEFENDANTS**

**ORDER**

Roosevelt Holliman was stabbed to death in his cell by fellow inmates at the Mississippi State Penitentiary in Parchman, Mississippi. Holliman's estate and the administratrix of his estate sued multiple Mississippi Department of Corrections employees under 42 U.S.C. § 1983 alleging violations of Holliman's Eighth Amendment and Fourteenth Amendment rights as well as wrongful death under Mississippi law. The Court dismissed some claims and defendants on earlier motions. Three of the remaining defendants—Timothy Morris, Lee Simon, and Mike Hatten—have moved to dismiss "any official capacity claims" against them. Because the amended complaint contains no "official capacity" claims against these defendants, there are no such claims to dismiss.

**I**
**Procedural History**

On May 20, 2022, the Estate of Roosevelt Holliman and Michelle Lumzy, individually and in her capacity as the Administratrix of the Estate of Roosevelt Holliman, filed a complaint in the United States District Court for the Northern District of Mississippi against Marshal Turner, Brenda S. Cox, Pelicia Hall, Jeworski Mallett, Sean Smith, Timothy Morris, Lee Simon, Marylen

Sturdivant, Mike Hatten, Jacqueline Banks, Rita Bonner, Lola Nelson, Chanel Red Connor, and John Doe. Doc. #1. Because Hatten, Banks, Bonner, and Nelson were named in the "Parties" section of the complaint but not listed in the caption,[1] the plaintiffs filed an amended complaint on July 7, 2022, adding them to the caption. Doc. #16.

Asserting jurisdiction under 28 U.S.C. § 1331, the amended complaint alleges claims in four counts, all of which arise from the circumstances surrounding Holliman's death while he was an inmate at Parchman: (1) Count I, Violation of Civil Rights Under 42 USC § 1983, Eighth Amendment – Failure to Protect; (2) Count II, Violation of Civil Rights Under 42 USC § 1983, Failure to Train & Supervise; (3) Count III, Violation of Civil Rights Under 42 U.S.C. § 1983, Eighth Amendment – Cruel and Unusual Punishment; and (4) Count IV, Wrongful Death under Mississippi State Law. *Id.* at 2, 14–19. The plaintiffs seek "compensatory damages;" "punitive damages;" and "reasonable attorney's fees and costs;" and for the Estate only, under the Mississippi Wrongful Death Act, "fair and equitable damages, including, but not limited to, reasonable medical, hospital, funeral, and burial expenses …; reasonable compensation for Mr. Holliman's pain and suffering …; … damages for the loss of Mr. Holliman's financial support, society, and companionship; as well as any other damages cognizable under law;" and "[a]ny such other relief as appears just and proper." *Id.* at 19–20.

On February 10, 2023, this Court granted the motions to dismiss of Turner, Banks, Cox, Hall, Mallett, Nelson, and Smith based on failure to state a claim and dismissed those defendants without prejudice. Doc. #87.

On January 25, 2023, Morris, Simon, and Hatten filed a joint motion to dismiss "any official capacity claims" under Rule 12(b)(1). Doc. #78. The motion is fully briefed. Docs. #79,

---

[1] *See* Doc. #1 at 1, 4.

#85,[2] #88.

## II
## Standard

Motions under Federal Rule of Civil Procedure 12(b)(1) challenge a court's subject matter jurisdiction. "Where, as here, the movant mounts a facial attack on jurisdiction based only on the allegations in the complaint, the court simply considers the sufficiency of the allegations in the complaint because they are presumed to be true." *Lee v. Verizon Commc'ns, Inc.*, 837 F.3d 523, 533 (5th Cir. 2016) (internal quotation marks omitted).

## III
## Relevant Factual Allegations

At all relevant times, the Mississippi Department of Corrections ("MDOC") employed Timothy Morris as a Warden, Lee Simon as a Deputy Warden, and Mike Hatten as a supervisor. Doc. #16 at 4.

On January 2, 2020, Roosevelt Holliman was in his cell in "Unit 29 in Area 1 of Parchman Farms," the "Mississippi State Penitentiary … in Parchman, Mississippi." *Id.* at 2, 6. Unit 29 is a segregated section for prisoners "with heightened security and greater restrictions than general population." *Id.* at 8.

In "the evening of January 1, 2020, or early morning of January 2, 2020," "Chanel Red Conner, also known as Redmond," a corrections officer at Parchman Farms, was on duty in Holliman's unit. *Id.* at 5–6. Redmond "was involved in gang related drug smuggling at Parchman Farms" and "wanted to 'get rid' of a prisoner as a result of his involvement with an opposing gang.

---

[2] In violation of the Local Rules, the plaintiffs filed their response and memorandum brief as a single document on February 7, 2023. *See* Doc. #80. At the Clerk of Court's instruction, the plaintiffs filed their response and memorandum brief separately but used the login credentials of one attorney and the signature of another. Docs. #82, #83. The Clerk of Court then instructed the plaintiffs to refile using the login credentials of the signing attorney and the plaintiffs complied. *See* Docs. #84, #85.

3

This prisoner was not … Holliman." *Id.* at 6. Redmond left Holliman's unit "and went to the neighboring unit where she released several inmates and provided them with large knives" that had been "chained to the kitchen tables." *Id.* at 6–7. Officer John Doe was the officer on duty in the neighboring unit when "Redmond instructed the prisoners to carry out the murder." *Id.* at 7. Doe "did nothing to stop … Redmond or the prisoners with whom she had provided … weapons." *Id.* Redmond and the armed prisoners returned to Holliman's unit, where she unlocked or provided the armed prisoners with keys to unlock Holliman's cell door. *Id.* Holliman was "stabbed to death by the prisoners [Redmond] released." *Id.*

Redmond contacted Michelle Lumzy, Holliman's sister and the administratrix of his estate, to "explain[] that the death of [Holliman] was a mistake and … to apologize to [Lumzy] for causing the death of her brother." *Id.* at 2, 7. The public explanation of Holliman's death is that he "was killed in a 'gang fight.'" *Id.* at 7. Redmond continues to work for MDOC at Parchman Farms "and was not terminated nor disciplined for her conduct." *Id.*

When Holliman was killed on January 2, 2020, Parchman Farms was already "on lock down as a result of 'major disturbances,' i.e. several violent altercations and deaths within MDOC prisons." *Id.* at 9. On January 1, 2020, and January 3, 2020, respectively, other inmates in Unit 29 were stabbed to death as a result of gang related violence. *Id.* at 8, 10.

## IV
## Analysis

Morris, Simon, and Hatten argue that the "Eleventh Amendment precludes claims against state officials acting in their official capacities" and "also immunizes states and their officials from state-law claims brought in federal court." Doc. #79 at 5. The plaintiffs respond that this case falls under the *Ex parte Young* exception to Eleventh Amendment sovereign immunity. Doc. #85 at 8–9. The defendants reply that no official capacity claims have been pled and, regardless, such

4

would be barred by Eleventh Amendment immunity. Doc. #88 at 1.

Under the Eleventh Amendment, "[d]efendants in an official-capacity action may assert sovereign immunity" but "sovereign immunity does not erect a barrier against suits to impose individual and personal liability." *Lewis v. Clarke*, 581 U.S. 155, 163 (2017) (cleaned up). Likewise, the *Ex parte Young* doctrine applies only to officers sued in their official capacities. *Williams ex rel. J.E. v. Reeves*, 954 F.3d 729, 736 (5th Cir. 2020).

> [T]o establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under the color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a moving force behind the deprivation; thus, in an official-capacity suit the entity's policy or custom must have played a part in the violation of federal law.

*Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (cleaned up).

Here, the plaintiffs sued the defendants in their individual and supervisory capacities. Doc. #16 at 2–4. The amended complaint does not allege any "official capacity" claims against the defendants. Because there are no official capacity claims alleged,[3] the motion to dismiss them cannot be granted.

## V
## Conclusion

Morris, Simon, and Hatten's motion to dismiss any official capacity claims [78] is **DENIED**.

---

[3] "Inasmuch as [the plaintiffs] bring [§1983] claims against these officials in their supervisory capacity, these claims fail …. In *Monell v. Department of Social Services of City of New York*, the [United States] Supreme Court held that the doctrine of *respondeat superior* does not apply to claims brought under section 1983." *Torns v. City of Jackson*, 622 F. App'x 414, 417 (5th Cir. 2015) (citing 436 U.S. 658, 692–93 (1978)). To the extent it may be argued the supervisory capacity claims in this case equate to official capacity claims, such is barred by Eleventh Amendment immunity because the claims are for money damages, not prospective relief. *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) ("[T]he Eleventh Amendment bars recovering § 1983 money damages from [state prison] officers in their official capacity.").

**SO ORDERED**, this 1st day of September, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**